OFFICE OF DISCIPLINARY COUNSEL *v.* HINE, A.K.A. ROHRER.

[Cite as *Disciplinary Counsel v. Hine* (1997), 80 Ohio St.3d 448.]

*Attorneys at law — Misconduct — Public reprimand — Reciprocal discipline — Corresponding ex parte with trial judge regarding issues in a pending child-custody case although not an advocate for either party.*

(No. 97-1153 — Submitted August 26, 1997 — Decided December 31, 1997.)

ON CERTIFIED ORDER of the Supreme Court of Oklahoma.

This cause is pending before this court in accordance with the reciprocal discipline provisions of Gov.Bar R. V(11)(F).

On April 22, 1997, respondent, Katherine Hine, a.k.a. Katherine Campbell Rohrer, Attorney Registration No. 0052217, last known address in Columbus, Ohio, was publicly reprimanded by the Supreme Court of Oklahoma for corresponding *ex parte* with a trial judge regarding issues in a pending child-custody case although she was not an advocate for either party. *State ex rel. Oklahoma Bar Assn. v. Hine* (Okla.1997), 937 P.2d 996. Respondent was one of several signatories to a letter to the trial judge from a child advocacy organization known as "Stop Child Abuse Now" asserting facts not in evidence and urging that the judge take a particular course of action.

On May 27, 1997, relator, Office of Disciplinary Counsel, advised this court of the Oklahoma ruling, and on June 17, 1997, we issued an order to respondent to show cause within twenty days as to why comparable discipline in this state under Gov.Bar R. V(11)(F)(4) would not be warranted. On July 24, 1997, respondent filed a motion to stay these proceedings pending appeal or in the alternative to reconsider the imposition of reciprocal discipline because "the public reprimand issued by the Oklahoma Supreme Court was unwarranted and a perversion of the disciplinary rules."

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Lori J. Brown*, Assistant Disciplinary Counsel, for relator.

*Frederick L. Oremus,* for respondent.

_____

***Per Curiam***.  Respondent moved to stay disciplinary proceedings in Ohio because she filed a Petition for Writ of Certiorari in the Supreme Court of the United States asserting First Amendment rights.  However, under Gov.Bar R. V(11)(F)(3), the only ground for a stay of reciprocal discipline proceedings in Ohio is a showing that the sanction has been stayed in the disciplining state.  Not only did respondent fail to present evidence that the disciplinary proceedings in Oklahoma have been stayed, but her petition for a writ of certiorari was denied by the United States Supreme Court on October 6, 1997.  Therefore, respondent is not entitled to a stay of these proceedings.

In the alternative, respondent sought a "reconsideration" of the imposition of reciprocal discipline on the ground that there was no credible evidence introduced in the Oklahoma proceedings that respondent engaged in conduct prejudicial to the administration of justice.  To her motion respondent attached a copy of the letter to the judge which she and others signed on behalf of the organization, a newspaper article reporting remarks of another Oklahoma judge on the same topic, a portion of the transcript at respondent's disciplinary hearing in Oklahoma, and a copy of the opinion of the Supreme Court of Oklahoma in her disciplinary case.

The record before us indicates that respondent was afforded a hearing before the Professional Responsibility Tribunal in Oklahoma and respondent does not dispute that she was provided procedural due process in that state.  We

2

therefore find that the facts which underlay the action of the Oklahoma court have been established.

Under Gov.Bar R. V(11)(F)(4)(b), the burden is on respondent to show by clear and convincing evidence that "the misconduct established warrants substantially different discipline in Ohio."

Respondent has not shown by clear and convincing evidence that her conduct, which warranted a sanction of public reprimand in Oklahoma, would not warrant the same sanction in Ohio. Accordingly, respondent is hereby publicly reprimanded. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

RESNICK and PFEIFER, JJ., dissent and would dismiss this cause.

3