Office of Disciplinary Counsel *v.* Graham.

[Cite as *Disciplinary Counsel v. Graham* (1998), 81 Ohio St.3d 306.]

(No. 97–2101—Submitted January 14, 1998—Decided April 1, 1998.)

*Jonathan E. Coughlan,* Disciplinary Counsel, and *Harald F. Craig III,* Assistant Disciplinary Counsel, for relator.

*Per Curiam.* After receiving notice that respondent was disbarred in Connecticut, we issued an Order to Show Cause to respondent and service was attempted on him according to our rules. Respondent could not be found. Notice was then served on the Clerk pursuant to Gov.Bar R. V(11)(B), which designates the Clerk as the agent for service for any attorney admitted in Ohio who becomes a nonresident or conceals his whereabouts. We therefore find that respondent has received notice of these proceedings and was provided an opportunity to be heard.

When an attorney is disciplined in another state, Gov.Bar R. V(11)(F)(4)(b) requires us to impose an identical or comparable discipline unless the disciplined attorney shows by clear and convincing evidence that "the misconduct established

warrants substantially different discipline in Ohio." *Disciplinary Counsel v. Hine* (1997), 80 Ohio St.3d 448, 449, 687 N.E.2d 420, 421. Disbarment in the state of Connecticut is for an indefinite period, but not necessarily permanent. *In re Application of Avcollie* (1993), 43 Conn.Super. 13, 16, 637 A.2d 409, 410. Therefore, respondent is indefinitely suspended from the practice of law in Ohio. Costs of these proceedings are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.