[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 306.]

**OFFICE OF DISCIPLINARY COUNSEL *v*. GRAHAM.**

[Cite as *Disciplinary Counsel v. Graham*, 1998-Ohio-623.]

*Attorneys at law—Misconduct—Indefinite suspension—Reciprocal discipline.*

(No. 97-2101—Submitted January 14, 1998—Decided April 1, 1998.)

ON CERTIFIED NOTICE from the State of Connecticut, Superior Court, Judicial

District of Ansonia-Milford, No. CV970058889S.

_____

{¶ 1} This cause is pending before the court in accordance with the reciprocal discipline provisions of Gov.Bar R. V(11)(F).

{¶ 2} On August 12, 1997, respondent, Charles Albert Graham III, last known address in Cleveland Heights, Ohio, Attorney Registration No. 0047056, was disbarred from the practice of law in Connecticut. A certified notice of the disbarment issued by the Superior Court, Judicial District of Ansonia-Milford, State of Connecticut was received by relator, Office of Disciplinary Counsel, which then advised the Clerk of the Supreme Court of Ohio of the disbarment on October 7, 1997.

{¶ 3} On October 16, 1997, we issued an Order to Show Cause to respondent requiring that within twenty days he notify this court of the reasons why the imposition of comparable or identical discipline in Ohio under Gov.Bar R. V(11)(F)(4) would be unwarranted. The Clerk attempted service of the order on respondent by certified mail on October 16, 1997, at his last known address in Cleveland Heights, Ohio. The United States Postal Service returned the envelope marked "Unclaimed." On November 14, 1997, the Clerk sent another notice to the same address by first class mail. The United States Postal Service returned that envelope marked "Attempted—Not Known." On November 21, 1997, the Clerk certified that she had been served with notice of the Order to Show Cause.

—————————

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Harald F. Craig III*, Assistant Disciplinary Counsel, for relator.

—————————

*Per Curiam*.

{¶ 4} After receiving notice that respondent was disbarred in Connecticut, we issued an Order to Show Cause to respondent and service was attempted on him according to our rules. Respondent could not be found. Notice was then served on the Clerk pursuant to Gov.Bar R. V(11)(B), which designates the Clerk as the agent for service for any attorney admitted in Ohio who becomes a nonresident or conceals his whereabouts. We therefore find that respondent has received notice of these proceedings and was provided an opportunity to be heard.

{¶ 5} When an attorney is disciplined in another state, Gov.Bar R. V(11)(F)(4)(b) requires us to impose an identical or comparable discipline unless the disciplined attorney shows by clear and convincing evidence that "the misconduct established warrants substantially different discipline in Ohio." *Disciplinary Counsel v. Hine* (1997), 80 Ohio St.3d 448, 449, 687 N.E.2d 420, 421. Disbarment in the state of Connecticut is for an indefinite period, but not necessarily permanent. *In re Application of Avcollie* (1993), 43 Conn.Super. 13, 16, 637 A.2d 409, 410. Therefore, respondent is indefinitely suspended from the practice of law in Ohio. Costs of these proceedings are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

—————————

2